64  329
170s 240·

# Prairie State Loan and Building Association v. Leon Nubling.

1. BUILDING AND LOAN ASSOCIATIONS—*Liable for the Acts of the Secretary.*—The fact that the secretary of a building and loan association committed frauds upon it, does not affect its liability for his acts, while acting within the scope of his authority.

· 2. INTEREST—*Application of the Act of 1891.*—The statute of 1891, reducing the rate of interest to five per cent, does not affect the rate to be allowed upon instruments executed prior to its passage.

**Bill for an Account.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

· KRAFT, WILLIAMS & KRAFT, attorneys for appellant.

· SAMUEL J. HOWE, attorney for appellee.

The secretary of a building and loan association sustains the relation of a general agent to the association. Endlich on Building and Loan Associations (2d Ed.), Par. 174.

· Where an agent has performed certain acts, which have been acquiesced in by the association, it thereby ratifies those acts and becomes bound by them to the same extent as though it had originally directed the acts. Chicago Building Society v. Crowell, 65 Ill. 456.

The rule that whoever is capable of entering into a contract which another, unauthorized, has assumed to make for him as his agent, and who is still capable of entering into it, is capable of ratifying that contract, thereby rendering it good from the beginning, the same as though he had originally authorized or made it, applies to corporations the same as to individuals. Mechem on Agency, 117, 118; Williams v. Butler, 35 Ill. 544.

A person openly and notoriously exercising the functions of a particular agency of a corporation, will be presumed to have sufficient authority from the corporation to so act. Singer Mfg. Co. v. Holdfodt, 86 Ill. 456; First Nat. Bank v. Dunbar, 118 Ill. 632; Sweet v. Barney, 23 N. Y. 335.

330    APPELLATE COURTS OF ILLINOIS.

VOL. 64.]    Prairie State Loan and Bldg. Ass'n v. Nubling,

The corporation, and not an innocent third party, will be held liable for any irregularity of its agent.    Merchants Bank v. State Bank, 10 Wall. (U. S.) 644; Caldwell v. The Nat. Mohawk Valley Bank, 64 Barb. (N. Y.) 342;  Bolles on Bank Officers, Sec. 25.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Jacob David was the secretary of the appellant, and under its by-laws it was part of his duty " to receive all money paid in to the association and hand the same over promptly to the treasurer, taking his receipt therefor."

The appellee paid to David, under color of having shares in the association, so much money that on account thereof the association accepted from David, as so much cash to the credit of his account, one warrant by the appellant on its treasurer, payable to the order of the appellee, for $325, dated June 13, 1889, and another to the order of Sam Marco, but which, as between themselves, belonged to appellee, for $965.55, dated December 11, 1890, neither of which warrants were indorsed by the payee thereof.  The money on both of them belonged to the appellee.  That the secretary committed frauds upon the appellant, is a defaulter, and has absconded, does not affect the right of the appellee to the money represented by the warrants, with interest thereon from the respective dates, at six per cent per annum.   The statute of 1891, reducing the rate to five per cent, does not affect this case.   Firemen's Fund Ins. Co. v. Western Refrigerating Co., 58 Ill. App. 329.

The appellee has recovered much less than the amount to which he is so entitled, and the decree is affirmed.

The master's report is not excepted to in a manner that calls for a review of it.  McMannomy v. Walker, 63 Ill. App. 259.   Affirmed.